Loretta **MOONEY**

v.

**MONUMENTAL LIFE INSURANCE COMPANY.**

No. Civ.A. 00–748.

United States District Court, E.D. Louisiana.

Dec. 15, 2000.

requested.

---

**3.** The plaintiffs are represented by a legal services attorney, and attorney's fees are not

Thomas J. Capella, Capella Law Firm, Metairie, LA, for Loretta Mooney.

Covert J. Geary, Joseph S. Piacun, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Monumental Life Ins. Co.

McNAMARA, Chief Judge.

Before the court is defendant Monumental Life Insurance Co.'s **Motion For Summary Judgment.** Plaintiff Loretta Mooney has opposed this motion. The motion, set for hearing on December 13, 2000, is before the court on briefs without oral argument. Having considered the memoranda of counsel and the applicable law, the court finds that there are no genuine issues of material fact and that defendant Monumental Life Insurance Co. is entitled to judgment as a matter of law.

### Background

Plaintiff, Loretta Mooney, filed this lawsuit claiming entitlement to the proceeds of an accidental death insurance policy issued to her late husband. Plaintiff was the named beneficiary.

The facts demonstrate that the insured decedent suffered from several physical and mental ailments. He was 62 years old but his primary care physician stated that he "had probably the body of an 80 year old".[1] Included among those ailments were: severe coronary artery disease, which caused several heart attacks,[2] severe blood iron deficiency,[3] severe celiac sprue[4], cachexia (wasting disease),[5] osteoporosis, which caused compression fractures in his thoracic spine[6], atrial fibrillation[7] and depression.[8]

On June 2, 1999, the patient was treated at Ochsner Hospital emergency room and was thereafter prescribed home hospice care.[9] (Home hospice care is prescribed to patients who are diagnosed as terminal with a survival probability of six months or less.) On June 11, 1999, while under hospice care, the decedent slipped and fell fracturing his right hip. He was again treated at Ochsner Hospital emergency room, however, due to decedent's debilitated condition, invasive treatment was rejected. The decedent returned home and died on June 19, 1999. On the death certificate, Dr. Miller listed decedent's manner of death as natural, resulting from several chronic diseases.[10] As a result, Monumental denied plaintiff's claim for benefits under the policy.[11] Plaintiff's assertion is that the fall of June 11, 1999 was the predominant cause of decedent's death.

### Discussion

■ A motion for summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file ... show that there is no genuine issue as to any material fact and

1. *See* Deposition of Harold Miller, M.D. p. 73 attached to both defendant's and plaintiff's memoranda

2. Id. pp. 12, 20–26

3. Id. p. 12, 23

4. Id. p. 13, 60

5. Id. pp. 30–32

6. Id. p. 14

7. Id. p. 66

8. Id. p. 17

9. Id. p. 66

10. *See* defendant's Exhibit C certificate of death

11. *See* Defendant's Exhibit E affidavit of Michele McCoy

that the moving party is entitled to judgment as a matter of law."[12]  Plaintiff submitted as exhibits C, D, and E copies of checks paid to her by other insurance companies purporting to represent benefits received under their accidental death policies. These exhibits are not properly before the court because they are not "attached to and authenticated by an affidavit conforming to FED.R.CIV.P. 56(e)."[13] Even if properly before the court these exhibits fail to create a genuine issue of material fact.

 Plaintiff may collect under the express terms of the policy provided that "death occurs as a direct result of an injury"[14] and is "independent of all other causes".[15]  In addition, "a loss which is caused by, results from, or contributed to by: ... Sickness or its medical or surgical treatment" is expressly excluded by the policy.[16]  Therefore, plaintiff must show that decedent's death was the direct result of his fall, that it was independent of all other causes and that it was not a result of, caused by, or contributed to by sickness.  It is uncontested that the decedent did suffer from an injury.

Plaintiff suggests that Dr. Miller failed to include the fall as the cause of death because he was unaware of it until after he signed the death certificate.  However, once made aware of the fall, Dr. Miller did not state that it was the predominant cause of decedent's death.[17]  In fact, when asked if he was able to say to a reasonable degree of medical probability that decedent's fall was the predominant cause of his death, Dr. Miller answered "I would not say it's the predominant cause."[18]  At best, he stated that the event was very likely a "contributing factor" given decedent's "comorbid conditions and very debilitated state".[19]

Decedent also suffered from several severe, debilitating, and progressive diseases as listed on his death certificate which the doctor stated to be the "predominant causes" of death.[20]  Therefore, under the policy's own terms, the beneficiary may not collect the benefits.

Accordingly;

**IT IS ORDERED** that defendant Monumental Life Insurance Co.'s **Motion For Summary Judgment** should be and is hereby **GRANTED**.

---

12.  Fed.R.Civ.P. 56

13.  11 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.14[2][c] (3rd ed.1997)

14.  *See* Defendant's Exhibit D Monumental Policy p. 3

15.  Id. p. 2

16.  Id. p. 3

17.  Deposition of Harold Miller Jr., M.D. p. 86

18.  Id. p. 86

19.  Id. pp. 86–87

20.  Id. pp. 85–87